# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RONALD KEITH WATKINS,<br>Appellant, | DOCKET NUMBER<br>DC-0831-16-0353-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: July 19, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald Keith Watkins, Silver Spring, Maryland, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) that he was ineligible for an immediate retirement annuity under the Civil Service Retirement System (CSRS).  Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　In 2003, the appellant was removed from his position with the District of Columbia (D.C.) Department of Corrections (DOC). Initial Appeal File (IAF), Tab 18 at 31. He filed a complaint under the D.C. Whistleblower Protection Act in D.C. Superior Court. *Id.* at 12-13. A jury returned a verdict in his favor, and the judge ordered 18 months of front pay, in lieu of reinstatement, among other damages and costs. *Id.* at 13, 18-20. The Court of Appeals for the District of Columbia affirmed the judgment. *Id.* at 17.

¶3　　Beginning in 2013, the appellant requested immediate retirement from the D.C. Government under the retirement system for D.C. employees. IAF, Tab 2 at 50. After his requests were unsuccessful, he filed a retirement appeal in D.C. Superior Court, requesting benefits under the D.C. Government's retirement system. *Id.* In an order granting D.C.'s motion to dismiss, the judge found that the court lacked jurisdiction over his appeal because the appellant was an employee as defined by CSRS, and directed him to file a retirement application

with OPM. *Id.* at 51. The D.C. Court of Appeals affirmed the decision in 2015. *Id.* at 52.

¶4 In August 2015, the appellant applied to OPM for an immediate retirement annuity under CSRS. IAF, Tab 18 at 27. In a February 8, 2016 reconsideration decision, OPM denied his retirement application because he had not attained the requisite age for immediate or deferred retirement. *Id.* at 7-9. According to OPM, he had separated from service with the D.C. Government on November 6, 2005, at the age of 48, with 21 years, 7 months, and 16 days of creditable service. *Id.* at 7-8.

¶5 The appellant filed this appeal, essentially arguing that his front pay award in the whistleblower case was tantamount to reinstatement, and thus, he was still employed by the DOC because the agency never removed him after his de facto reinstatement. IAF, Tab 2 at 2. Furthermore, he alleged that his entitlement to retirement benefits had been adjudicated previously by the D.C. courts and that OPM's denial of his application contravened those prior orders. IAF, Tab 1 at 5-6, Tab 2 at 2. Finally, he asserted that he was entitled to immediate retirement given his service as a law enforcement officer (LEO) and that he was now over 50 years old. IAF, Tab 10 at 5-6.

¶6 After holding the requested hearing, the administrative judge affirmed OPM's denial of the appellant's retirement application. IAF, Tab 1 at 3, Tab 38, Initial Decision (ID) at 1, 7. He found that the prior D.C. court decisions directed the appellant to submit a CSRS retirement application to OPM, without determining his entitlement to an immediate retirement annuity. ID at 4-5. He further found that OPM properly concluded that the appellant accrued no creditable service after DOC terminated him on November 6, 2005, upon the expiration of his front pay award. ID at 5-7. He therefore found that the appellant had not attained the requisite combination of age and creditable service at the time of his separation to qualify for immediate retirement under 5 U.S.C. § 8336(a), (b), or (c)(1). ID at 7.

¶7       The appellant has filed a timely petition for review.[2] Petition for Review (PFR) File, Tab 1. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 4, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8       The appellant alleges that the administrative judge erred in finding him ineligible for immediate retirement benefits under 5 U.S.C. § 8336(a), (b), and (c)(1). PFR File, Tab 1 at 5-18, 23, Tab 5. As argued below, he contends that he continues to accrue creditable service because the administrative judge in his whistleblower reprisal case awarded him front pay, which he claims is tantamount to reinstatement and any purported termination occurring after his de facto reinstatement violates his right to due process. PFR File, Tab 1 at 6-8, 18-23. He reiterates that the D.C. courts determined that he was entitled to receive retirement benefits upon submitting an application to OPM because he was and continues to be an employee. *Id.* at 5-8. He alleges that these D.C. court decisions are entitled to preclusive effect. *Id.* at 5-7, 17-19. Upon consideration of the appellant's arguments, we find no basis for disturbing the administrative judge's finding that he was ineligible for an immediate retirement annuity under CSRS.

¶9       An individual first employed by the D.C. Government before October 1, 1987, is an employee covered by CSRS. 5 U.S.C. § 8331(1)(G). A covered employee is eligible for a basic immediate retirement annuity under CSRS, if at the time of his separation from service, he is at least 55 years of age with 30 years

---

[2] In June and July 2018, the appellant filed two requests to withdraw his petition for review, but, in July 2018, filed three submissions rescinding his requests in response to a Board order seeking to confirm his intent to withdraw. Petition for Review (PFR) File, Tabs 10-15. In January 2019, the appellant filed two additional requests to withdraw his petition for review, but subsequently filed a submission rescinding his requests in response to the Board's additional order seeking confirmation of his intent to withdraw. PFR File, Tabs 17-20. As such, the Board will not rule on the appellant's requests to withdraw and instead issues this decision on the appellant's petition for review.

of creditable civilian service, or is at least 60 years of age with 20 years of creditable civilian service. 5 U.S.C § 8336(a)-(b). If a covered employee has 20 years of LEO service, he is entitled to an immediate annuity at 50 years of age. 5 U.S.C. § 8336(c)(1).

¶10    Although the appellant argues that the decisions by the D.C. courts effectively deemed his employment as continuing beyond November 6, 2005, we disagree. PFR File, Tab 1 at 5-23. As properly discussed in the initial decision, the appellant was a covered employee under 5 U.S.C. § 8331(1)(G), until his separation on November 6, 2005. ID at 5-7. OPM credited the 18-month front pay period towards the appellant's CSRS retirement eligibility. IAF, Tab 18 at 7-8. The D.C. court decisions expressly found that the appellant would have been terminated at the end of the 18-month period for reasons unrelated to his whistleblowing. *Id.* at 13, 15, 17-20. DOC terminated him effective November 6, 2005, upon the expiration of the front pay period. *Id.* at 30. The appellant argues that, under *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001), his front pay was effectively the same as a reinstatement. PFR File, Tab 1 at 21-23. In *Pollard*, the Court observed that "front pay awards . . . are made in lieu of reinstatement," and are permitted under Title VII. 532 U.S. at 846, 853-54. The Court did not address whether an agency could remove an employee at the end of the front pay period when, as here, reinstatement was not a viable option. *Id.* at 853-54; IAF, Tab 18 at 15. Thus, contrary to the appellant's arguments, *Pollard* does not require that he be considered an employee after November 2005.[3]

---

[3] Although the appellant was an employee for the purposes of the CSRS, he was not an employee with Board appeal rights as defined by 5 U.S.C. § 7511. Therefore, the Board does not have jurisdiction to address the merits of his separation, including his due process claims. 5 U.S.C. §§ 7511, 7513; PFR File, Tab 1 at 18-21. As the administrative judge correctly noted, the D.C. Government established an alternate system for adjudicating removal actions of D.C. Government employees and assigned jurisdiction over those actions to the D.C. Office of Employee Appeals. D.C. Code § 1-606.03; ID at 7 n.1.

¶11    Furthermore, we find that although a D.C. Superior Court judge found that the appellant was covered by CSRS, he made no determination concerning the appellant's separation date, length of service, or eligibility for immediate retirement.  IAF, Tab 2 at 49-51.  Rather, the judge directed him to file an application with OPM because OPM had jurisdiction over his retirement appeal. *Id.* at 51.  Therefore, the appellant has shown no error in the administrative judge's finding that OPM established that DOC terminated him from his covered position on November 6, 2005, and that he performed no creditable service after that date.  ID at 6-7.

¶12    The appellant's status as a former CSRS-covered employee, alone, is insufficient to establish entitlement to immediate retirement benefits—he must also have had the requisite combination of age and creditable service at the time of his separation.  5 U.S.C § 8336(a)-(c).  We find that, even if the appellant were entitled to LEO credit, he did not meet the age requirement to qualify for immediate retirement because he separated from service in 2005, before he was 50 years old.  5 U.S.C. § 8336(c)(1); IAF, Tab 18 at 8, 30.  He therefore is not entitled to immediate retirement benefits under those provisions.  Nonetheless, as noted in OPM's reconsideration letter, he may be eligible for deferred retirement after reaching the age of 62.  IAF, Tab 18 at 8, 11; *see* 5 U.S.C. § 8338(a) (establishing that an employee is eligible for deferred retirement under CSRS beginning at age 62, if he has completed at least 5 years of creditable service).

¶13    Accordingly, we agree with the administrative judge that OPM correctly denied the appellant's application for an immediate CSRS retirement annuity, and we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.